* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on October 18, 2001.
3. On October 18, 2001, plaintiff injured her right arm while sliding a 50-pound bag of dog food onto the cash register conveyor belt.
4. Plaintiff's average weekly wage is $210.26, yielding a compensation rate of $140.17 per week.
5. Defendant is self-insured for claims under the North Carolina Worker's Compensation Act and Claims Management Inc. administers claims on their behalf.
6. Dr. Mark Romanoff has been plaintiff's treating physician since May 3, 2002.
7. On September 11, 2002, plaintiff underwent an independent medical evaluation (IME) with Dr. Kern Carlton at the request of defendant.
8. On March 26, 2004, plaintiff underwent a second IME with Dr. Sean Fahey.
9. On April 7, 2005, Dr. Romanoff referred plaintiff to Dr. John Edward Latz, Jr. to develop coping skills for chronic pain as a result of her injury.
10. Defendant refused to authorize Dr. Romanoff's recommended treatment with Dr. Latz and instead requested a psychological IME with Dr. Gerald Aronoff.
11. On April 21, 2005, plaintiff and defendant filed cross motions requesting appropriate relief.
12. On May 17, 2005, the Executive Secretary of the North Carolina Industrial Commission filed an order denying plaintiff's motion and granting defendant's motion. *Page 3 
13. On May 19, 2005, plaintiff filed a Form 33 with the North Carolina Industrial Commission appealing both rulings.
14. Medical records, discovery responses, correspondence and I.C. Forms were received into evidence as Stipulated Exhibit 1.
15. The issues before the Full Commission are whether plaintiff is required to undergo a psychological IME with Dr. Aronoff to determine whether her depression is causally related to her injury by accident, and, if she is required to submit to the IME and her depression is found to be causally related, whether defendant is entitled to direct the psychological treatment.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 18, 2001, plaintiff suffered a compensable injury by accident to her right wrist while sliding a 50-pound bag of dog food across a conveyor belt. Defendant accepted plaintiff's workers' compensation claim and began providing workers' compensation benefits and medical treatment.
2. As a result of her injury, plaintiff was eventually diagnosed with carpal tunnel syndrome, as well as with complex regional pain syndrome (CRPS) of the right wrist.
3. As a result of the diagnosis of CRPS, on September 11, 2002, plaintiff underwent an independent medical examination by Dr. Kern Carlton of The Rehab Center. Dr. Carlton confirmed plaintiff's diagnosis of carpal tunnel syndrome and CRPS. After being diagnosed with CRPS, plaintiff was referred to Southeast Pain Care for pain management, where she came *Page 4 
under the care of Dr. Mark Romanoff, who is board certified in anesthesiology and pain management.
4. In May of 2002, Dr. Romanoff began treating plaintiff with a variety of prescription medications, physical therapy, trigger point injections and nerve blocks, none of which have provided plaintiff with significant permanent relief.
5. On November 25, 2002, Dr. Romanoff placed plaintiff at maximum medical improvement and assigned her a seven percent permanent partial disability rating to the right hand.
6. At the request of plaintiff's counsel, plaintiff was evaluated by Dr. Kathryn A. Caufield of Southeastern Hand Center on February 12, 2003, for the purpose of a second opinion on plaintiff's disability rating. Based upon her evaluation of plaintiff, Dr. Caufield assigned plaintiff a 25% rating of the right arm.
7. On March 18, 2003, plaintiff underwent a functional capacity evaluation (FCE) with David Kingsbury of Industricare. Based upon the FCE, Mr. Kingsbury placed plaintiff at the sedentary physical demand level, with the ability to lift and carry up to ten pounds bilaterally and three to five pounds with the right hand.
8. On March 24, 2004, plaintiff underwent an IME by Dr. Sean Fahey of Lake Norman Rhuematology. At that time, Dr. Fahey indicated that plaintiff's CRPS appeared to be improving.
9. Plaintiff continued to treat with Dr. Romanoff for pain management. In March 2005, Dr. Romanoff noted that plaintiff's affect had become flat and that she seemed depressed. Dr. Romanoff was of the opinion and the Commission finds that plaintiff's depression was caused by the chronic pain resulting from her October 18, 2001 compensable injury. *Page 5 
Accordingly, he referred her to Dr. Edward Latz for psychiatric counseling. Dr. Romanoff has referred patients to Dr. Latz in the past and has seen good results.
10. Defendant refused to authorize the treatment by Dr. Latz and instead arranged for plaintiff to attend a psychological IME with Dr. Gerald Aronoff, who is board-certified in both psychiatry and pain management, to determine whether plaintiff is in need of psychological treatment and, if so, whether the need is related to her workers' compensation injury. Plaintiff refused to submit to the IME with Dr. Aronoff.
11. On April 21, 2005, plaintiff and defendant filed cross-motions requesting appropriate relief. On June 7, 2005, the Commission's Executive Secretary denied plaintiff's motion and granted defendant's motion, thereby ordering plaintiff to submit to an IME with Dr. Aronoff.
11. On June 10, 2005, plaintiff filed a Form 33 request for hearing, appealing Executive Secretary Weaver's order.
12. On October 20, 2005, plaintiff's counsel filed a notice of deposition of Dr. Aronoff for November 4, 2005. On October 21, 2005, defendant filed a motion to quash the deposition of Dr. Aronoff which was granted by Deputy Commissioner Taylor by order filed on November 3, 2005.
13. On October 24, 2005, defendant filed a Form 24 application to suspend plaintiff's benefits during her refusal to comply with medical treatment and her continued litigation of the issue. Plaintiff's counsel immediately objected to the Form 24, which defendant subsequently withdrew with leave to refile.
14. On November 18, 2005, Deputy Commissioner Taylor entered an order requiring plaintiff to submit to an IME with Dr. Aronoff. *Page 6 
15. On November 21, 2005, Deputy Commissioner Taylor issued an order stating that in response to her November 18, 2005 order, plaintiff's counsel called her office and used profanity and abusive language to Commission staff while requesting to speak ex parte with the Deputy Commissioner. In the order Deputy Commissioner Taylor warned plaintiff's counsel that further obscene and abusive communication would result in sanctions. She advised counsel to follow the Industrial Commission Rules and submit a motion for reconsideration or stay of the November 18, 2005 order. By order of November 21, 2005, Deputy Commissioner Taylor stayed the November 18, 2005 order.
16. On November 1, 2005, plaintiff was hospitalized for complications from a cholecystectomy, including pneumonia, overmedication, sepsis and kidney failure. The greater weight of the medical evidence fails to show that these conditions are causally related to the compensable injury by accident.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On October 18, 2001, plaintiff sustained an admittedly compensable injury by accident to her right arm in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2.
2. Plaintiff has suffered compensable lost time from work, reduced wages and/or impairment and depression as a result of her right arm injury of October 18, 2001. N.C. Gen. Stat. §§ 97-29; 97-30; 97-31. *Page 7 
3. Plaintiff is entitled to have defendant provide all medical treatment arising from her injury by accident, including future medical and psychiatric/psychological treatment as recommended by Dr. Romanoff. N.C. Gen. Stat. § 97-25.
4. This case shall be referred to the Commission's Nurses Section. Upon the recommendation of the Nurses Section, the Full Commission shall select a psychiatrist to perform an evaluation of plaintiff to determine the nature and extent of plaintiff's psychological condition and to recommend a treatment plan. Based on plaintiff's distrust and lack of confidence in Dr. Aronoff which has developed in this case, she is not required to submit to an evaluation by Dr. Aronoff. N.C. Gen. Stat. §§ 97-25; 97-27.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall provide plaintiff with all medical treatment arising from her injury by accident, including future medical and psychiatric treatment as recommended by Dr. Romanoff.
2. After recommendations from the Nurses Section, the Full Commission shall select a psychiatrist to evaluate plaintiff and to recommend future treatment as necessary. If future treatment is needed, the parties may agree on a psychiatrist or psychologist for such treatment or upon motion by the parties, the Commission will authorize a treating psychiatrist or psychologist.
3. If not already paid by prior order, defendant shall pay the costs, including an expert witness fee in the amount of $350.00 to Dr. Romanoff. *Page 8 
This 28th day of December, 2006.
 S/__________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/__________________________ BUCK LATTIMORE CHAIRMAN
 S/__________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1